Hinkle, J.
This case arises from an incident on April 16, 2003 at a store owned and operated by defendant. Plaintiff alleges she was discriminated against at defendant’s store based upon her race and color. Plaintiffs complaint contains discrimination claims under the following statutes:
COUNT 1: Discrimination in Place of Public Accommodation
Mass. Gen. Laws ch. 272, §98
COUNT 2: Massachusetts Equal Rights Act
Mass. Gen. Laws ch. 93, §102
COUNT 3: Massachusetts Civil Flights Act
Mass. Gen. Laws ch. 12, §§11H, 11I
Now before the court is defendant’s motion to dismiss the Massachusetts Civil Rights Act claim. After a hearing and review of the complaint and briefs, the motion is ALLOWED.

BACKGROUND

Plaintiffs complaint makes the following allegations. On April 16, 2003, plaintiff Annie Webster, an African-American, was a customer at a T.J. Maxx store in Norwood. A store employee allegedly told plaintiff that she would be denied access to a fitting room unless she left her handbag in a shopping cart outside the fitting room. Plaintiff was told that she could take her money and documents into the fitting room but not her handbag. Plaintiff refused to leave her handbag outside the fitting room. Plaintiff alleges that defendant’s employee did not treat Caucasian customers in the same manner as she was treated.

DISCUSSION

Defendant argues that plaintiffs Civil Rights Act claim is precluded because the remedies afforded plaintiff by M.G.L.c. 272, §98[1] and the Civil Rights Act are the same.[2] Plaintiff, on the other hand, contends that the Civil Flights Act provides broader remedies than c. 272, §98.
I am unpersuaded by plaintiffs argument based on my reading of c. 272, §98 and its interplay with c. 15IB. When another statute affords a right and remedy for the same violation, the Civil Rights Act claim fails. Belonni v. Reservoir Nursing Center, 1 Mass. L. Rptr. No. 22, 448 (February 21, 1994) (McHugh, J.).
M.G.L.c. 272, §98, which prohibits discrimination in places of public accommodation, provides that those violating the statute shall be liable for damages enumerated in M.G.L.c. 151B, §5. Successful complainants under §5 are entitled to any relief available in a civil action under section nine of c. 151B. Under Section 9, a successful claimant may recover actual and punitive damages, attorneys fees and litigation costs.
Since plaintiff is entitled to recover the same remedies under c. 272, §98 as under her Civil Rights Act claim, plaintiff is precluded from pursuing her Civil Rights Act claim.[3]
ORDER
For the foregoing reasons, defendant’s motion to dismiss Count 3 is ALLOWED.

M.G.L.c. 272, §98 states in relevant part that, “[wjhoever makes any distinction, discrimination or restriction on account of race, color... relative to the admission of any person to, or his treatment in any place of public accommodation... shall be liable to any person aggrieved thereby for such damages as are enumerated in section five of chapter one hundred and fifiy-one B.” Massachusetts law defines a public accommodation as “any place, whether licensed or unlicensed, which is open to and accepts or solicits the patronage of the general public.” M.G.L.c. 272, §92A.

Defendant also claims that Count 3 fails to satisfy the requirements of Mass.R.Civ.P. 12(b)(6). I need not reach that issue because of my ruling on preclusion.

Should plaintiffs c. 272, §98 claim be the subject of a successful defendant’s motion for summary judgment, plaintiff may revive her Civil Rights Act claim.